**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Johnny Reid,   Case No. 3:17CV1533

   Plaintiff

     v.   **ORDER**

Nancy Berryhill,
  Acting Commissioner of Social Security,

   Defendant

This is a Social Security case in which the plaintiff, Johnny Reid, appeals from the Commissioner's decision denying his application for benefits.

Reid first sought disability benefits in 2012, but an administrative law judge determined that he was not disabled and denied his application. (Doc. 11 at 131–50). He re-applied in 2014, but a different ALJ, in the decision that is the subject of this appeal, concluded that Reid was not disabled. (*Id.* at 23–36). According to this ALJ, there was no "new and material evidence . . . submitted documenting a significant change in [Reid's] condition since [the first] decision was issued." (*Id.* at 33).

Pending is Magistrate Judge Greenberg's Report and Recommendation, which recommends that I affirm the Commissioner's decision. (Doc. 16). The Magistrate Judge found that substantial evidence supported the second ALJ's decision that there were no changed circumstances warranting a different result in Reid's second application for benefits.

As the Magistrate Judge explained, the Circuit's decision in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), and a relevant administrative rule (Acquiescence Ruling 98-4(6)) "clearly establish that a subsequent ALJ is bound by the legal and factual findings of a prior ALJ unless the claimant presents new and material evidence that there has been either a change in the law or a change in the claimant's condition." (Doc. 16 at 23).

In the Magistrate Judge's view, the ALJ had cited substantial evidence to support her conclusions that neither Reid's physical impairments nor his mental limitations had changed. (*Id.* at 23–38).

The Magistrate Judge ordered that Reid file objections within fourteen days after the date of the R&R, and he advised the parties that a failure to object would operate as a waiver. (Doc. 16 at 39). Nearly a month after that deadline, however, Reid has not filed an objection. As a result, Reid has waived his right to a de novo review of the R&R. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

It is, therefore

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 16) be, and the same hereby is, adopted as the order of the court; and

2. The Commissioner's decision be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge